UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES TOUCHET                                              CIVIL ACTION

versus                                                       NO. 06-6166

INLAND MARINE MANAGEMENT                                     SECTION: E/4
CORPORATION ET AL

## ORDER AND REASONS

This matter is before the Court on defendants' ("Inland Marine") motion *in limine* to exclude plaintiff's ("Touchet") errata sheet to his deposition, or in the alternative, to re-depose. Record document #16. Touchet opposes the motion. For the reasons that follow, the motion is denied in part and granted in part.

## BACKGROUND AND ANALYSIS

This is seaman's complaint brought pursuant to the Jones Act (46 U.S.C. §688), general maritime law and admiralty law.[1] Touchet was deposed on April 20, 2007, at Inland Marine's counsel's offices. He elected to read and sign an errata sheet following the transcription of the deposition. The signed errata sheet was provided to Inland Marine's counsel on June 6, 2007. The errata sheet contains 15 corrections (about two and a half pages), 10 of which give the reason for the change as "To complete my answer." Inland Marine argues that Touchet's extensive changes serve no purpose other than to contradict his sworn deposition testimony in

---

[1] The Jones Act claim will be tried to a jury; the maintenance and cure claim will be tried to the court.

an attempt to cure any negative testimony that he made under oath, and should be stricken. In the alternative, Inland Marine moves for an opportunity to re-depose Touchet regarding his "corrected" testimony. Touchet argues that his answers on the errata sheet are consistent with and simply explain his answers given in the deposition. He also argues that Inland Marine purposely withheld furnishing to him the written statements of its three crew members until after his deposition, and these statements are "newly discovered evidence" that required clarification of his deposition testimony.

A motion *in limine*, or in the alternative, to re-depose, is the proper mechanism to challenge the admissibility of a party's errata sheet. Medina v. Horseshoe Entertainment, 2006 WL 2038057, *2 (W.D.La.). Such motions are based on Fed. R. Civ. Pro. 30(e) which allows the deponent to review the transcript of the deposition and "if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them." The Medina Court observed that the rule provides for changes in substance for legitimate reasons and furthers the purpose of the discovery process, that is, "to allow the parties to elicit the true facts of a case before trial." Id., *3. In Walker v. Yellow Freight Systems, Inc., 1999 WL 955364 (E.D.La.), considering a defendant's motion to strike the errata sheet of a deponent/witness, Judge Clement quoted Greenway v.

International Paper Co., 144 F.R.D. 322, 325 (W.D.La. 1992), explaining that the "Rule cannot be interpreted to allow one to alter what was said under oath. .... A deposition is not a take home examination."[2]  Walker, *6-7.

The Court has reviewed each of Touchet's changes\corrections to his deposition testimony along with the deposition testimony itself.  See Inland Marine's Memorandum in Support, Ex. 1 (errata sheet) and Ex. 2 (copy of deposition).  Touchet's errata sheet identifies his changes/corrections according to the deposition page number(s) and line number(s).

Accordingly:

**IT IS ORDERED** that Inland Marine's the motion *in limine* to exclude Touchet's errata sheet is **DENIED** with the exception of errata #4 (pages 50-73 lines 12-23) which is excluded[3]**;** and

---

[2] The Greenway language was also quoted in Medina, at *3.

[3] The Court could not locate the referenced material in the deposition, and the explanation of the change in Touchet's Opposition, at p. 2, was not helpful.  Moreover, his changes/corrections are repetitious of several of his other changes/corrections.

**IT IS FURTHER ORDERED** that Inland Marine's alternative motion to re-depose is **GRANTED** regarding Touchet's changes/corrections for errata #1 (page 41 lines 12, 25), #2 (page 42 line 4), #3 (page 42 lines 14-25, all of page 42, page 43 lines 1-7), #6 (page 75 lines 17-21), and #7 (page 90 lines 7-25, all of page 91)[4].

New Orleans, Louisiana, July 18, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**

---

[4] Touchet's changes/corrections go far beyond the scope of the deposition questions/answers and substantively alter his sworn testimony.  Inland Marine is entitled to explore these changes/corrections.