```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CHARLES TOUCHET                                    CIVIL ACTION

versus                                             NO. 06-6166

INLAND MARINE MANAGEMENT                           SECTION: E/4
CORPORATION ET AL
```

**ORDER AND REASONS**

This matter is before the Court on defendants' ("Inland Marine") motion *in limine* to exclude the testimony of plaintiff's ("Touchet") expert witness, David E. Cole ("Cole"). Record document #20. Touchet did not file a timely opposition to the motion. For the reasons that follow, the motion is granted.

**BACKGROUND AND ANALYSIS**

This seaman's complaint is brought pursuant to the Jones Act (46 U.S.C. §688), general maritime law and admiralty law.[1] Touchet, employed by Inland Marine, alleges that he was injured on board the M/V CHESTER J. CHERAMIE when he attempted to lift a coil of wire on April 8, 2006. He retained Cole, an independent marine consultant, who rendered an opinion that the owner, captain and crew members of the M/V CHESTER J. CHERAMIE breached their duties to Touchet by failure to furnish an adequate and competent crew, failure to furnish a reasonably safe place to work, failure to furnish reasonably adequate tools and equipment, and failure to

---

[1] The Jones Act claim will be tried to a jury; the maintenance and cure claim will be tried to the court.

furnish a seaworthy vessel, and finally, that Touchet did not contribute to his own injury.

Fed. R. Evid. 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or other wise.

The Fifth Circuit had held that expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." Peters v. Five Star Marine Service, 989 F.2d 448, 450 (5th Cir. 1990).

In this case, the defendants do not dispute that the coil of wire was too heavy for one man to lift alone, and that it was inappropriate for Touchet to attempt to lift the coil by himself. The issue here is a credibility call: the Captain and Mate of the M/V CHESTER J. CHERAMIE claim that they told Touchet not to lift the coil of wire by himself; Touchet claims that he attempted to lift the wire following a direct order from the Captain when another deckhand refused his requests for assistance. The trier of fact must make a credibility determination as to which witness or witnesses is more believable. Cole's opinion testimony regarding the estimated weight of the coil, the practices in the marine industry, and whether the vessel was inadequately manned or

equipped will not assist the trier of fact in making a credibility determination regarding the testimony of the witnesses.

Accordingly:

**IT IS ORDERED** that Inland Marine's the motion *in limine* to exclude James E. Cole's opinion testimony is **GRANTED**.

New Orleans, Louisiana, August 15, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**